UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Clarisa Lebron,

        Plaintiff,

vs.                                              Case No. 3:10-cv-1054-J-34MCR

Brooks Brothers, Inc.,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss (Doc. 17) filed January 5, 2012, which was referred to the undersigned (Doc. 18). In the Motion, Defendant Brooks Brothers, Inc. seeks entry of a dismissal with prejudice for Plaintiff Clarisa Lebron's failure to comply with this Court's orders and failure to prosecute. To date, Plaintiff has not filed a response;[2] therefore, the Court will treat the Motion as unopposed.

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] On January 6, 2012, the Court directed Plaintiff to file a response to Defendant's Motion no later than January 19, 2012 if the relief requested is opposed. (Doc. 19). Plaintiff failed to file a response. On January 20, 2012, Defendant filed another Motion to Dismiss for failure to file said response. (Doc. 20).

-1-

**I. BACKGROUND**

On November 16, 2010, Plaintiff filed the instant action against Defendant for race and gender discrimination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* (Doc. 1). Defendant filed its Answer on December 8, 2010 (Doc. 4) and a Case Management and Scheduling Order was issued on February 10, 2011 (Doc. 9).

On November 15, 2011, attorney Eric Jones moved to withdraw as Plaintiff's counsel indicating that Plaintiff had not returned his phone calls or letters in over a year. (Doc. 12). On November 16, 2011, the Court granted counsel's Motion and gave Plaintiff until November 30, 2011 to notify the Court as to whether she intends to proceed *pro se* or employ new counsel. (Doc. 13). Plaintiff failed to file a response. On December 7, 2011, this Court entered an Order requiring Plaintiff to show cause no later than December 21, 2011 as to why she failed to comply with its Order. (Doc. 15). To date, Plaintiff has not shown cause for her failure to comply with the Court's November 16, 2011 Order.

On November 21, 2011, Plaintiff failed to appear for her noticed deposition or otherwise contact Defendant's counsel regarding same. See (Doc. 17, Ex. B). Additionally, a mediation scheduled for December 5, 2011 was cancelled because neither Defendant nor the Mediator was able to contact Plaintiff.[3]

---

[3]Pursuant to this Court's Scheduling Order, the mediation deadline is January 17, 2012. (Doc. 9).

For the above-stated reasons, Defendant filed the instant Motion to Dismiss (Doc. 17) for failure to comply with this Court's orders and failure to prosecute, which is now ripe for judicial review.

## II.     ANALYSIS

Federal Rule of Civil Procedure 16(f) provides that the Court may on motion or on its own "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)."  Rule 37(b)(2)(A)(v) authorizes the Court to dismiss the action or proceeding in whole or in part.  In addition, Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action where the plaintiff "fails to prosecute or to comply with these rules or a court order."  Further, Rule 3.10, Local Rules, United States District Court, Middle District of Florida states, "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed for lack of prosecution."

"Dismissal with prejudice is the most severe Rule 37 sanction and is not favored." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) (citations omitted); see also State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("while the district court has broad powers under the Federal Rules of Civil Procedure to impose sanctions for a party's failure to abide by court orders, dismissal of an action with prejudice is a sanction of last resort, applicable only in extreme circumstances").  Dismissal with prejudice is proper only "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice."  Gratton v. Great Am.

Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999).  Violations "caused by simple negligence, misunderstanding, or inability to comply" do not constitute "willfulness."  In re Se. Banking Corp., 204 F.3d 1322, 1332 (11th Cir. 2000).  "[D]istrict courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction."  United States v. Duran Samaniego, 345 F.3d 1280, 1284 (11th Cir. 2003).

As an initial matter, the Court notes that any dismissal in this case will serve as a dismissal with prejudice as the refiling of Plaintiff's Complaint may be time barred.  See Powell v. Siegal, 2011 U.S. App. LEXIS 23115, 2011 WL 5574963 (11th Cir. Nov. 17, 2011) ("When a complaint is dismissed without prejudice, but a statute of limitations bars a plaintiff from refiling her complaint, the dismissal is as though it was with prejudice.") (citations omitted).  "Before instituting a Title VII action in federal district court, a private plaintiff must file an [Equal Employment Opportunity Commission ("EEOC")] complaint against the discriminating party and receive statutory notice from the EEOC of [] her right to sue the respondent named in the charge."  Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996); 42 U.S.C. § 2000e-5(f)(1).  Here, the Complaint alleges that "[a]ll administrative conditions precedent ... [have] been fulfilled."  (Doc. 1, p. 9, ¶ 58).  The Court assumes that the EEOC issued a right to sue letter prior to Plaintiff filing her suit and more than 90 days passed since that time.  Therefore, Plaintiff will be barred from refiling her complaint.  See Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000) (stating that

Title VII actions must be brought within 90 days after the plaintiff receives notice that the EEOC has dismissed the charge of discrimination).

Here, Plaintiff failed to comply with this Court's November 16, 2011 Order directing her to notify the Court how she intends to proceed. (Doc. 13). Plaintiff also failed to comply with this Court's December 7, 2011 order to show cause for her failure to comply with this Court's November 16, 2011 Order.[4] (Doc. 15). Plaintiff further failed to appear for her noticed deposition and caused the scheduled mediation to be cancelled. As Plaintiff's counsel effectively withdrew from the case on November 16, 2011, it was Plaintiff herself, as opposed to her lawyer, who was responsible for her disregard of orders and failure to participate in the case. See Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1338 (11th Cir. 2005) (concluding that dismissal with prejudice is often reserved for cases in which a party - not the party's lawyer - is culpable for the misconduct).

The Court further finds that Plaintiff's conduct was deliberate, constituted a pattern of delay, and unreasonably delayed the proceedings. See Powell, 2011 U.S. App. LEXIS 23115, 2011 WL 5574963 (holding that the District Court abused its discretion in dismissing Plaintiff's case without considering whether her conduct was deliberate, constituted a pattern of delay, and unreasonably delayed the proceedings).

---

[4]The Court warned that "[i]f Plaintiff fails to comply with any of the directives of this Order, she should be aware that her case may be dismissed pursuant to Local Rule 3.10(a) for failure to prosecute. (Doc. 15).

Plaintiff has demonstrated a deliberate pattern of delay by failing to comply with orders (Docs. 13, 15, 19) and participate in her case.[5] Additionally, Plaintiff has unreasonably delayed the proceedings by failing to participate in discovery and mediation, and both deadlines have passed. See (Doc. 9). As Plaintiff is unwilling to participate in this action, less drastic sanctions would not ensure compliance with the court's orders. See Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). It would be a waste of judicial resources to continue with this case which Plaintiff has clearly abandoned. For these reasons, the Court should dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) and Local Rule 3.10.

## III. CONCLUSION

Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

1. Defendant's Motion to Dismiss (Doc. 17) be **GRANTED** and this action be **DISMISSED with prejudice** for failure to comply with Court orders and to prosecute the case pursuant to Fed. R. Civ. P. 41(b) and Local Rule 3.10; and

2. The Clerk of Court be **DIRECTED** to close the file.

---

[5] Indeed, on November 15, 2011, Plaintiff's former counsel notified the Court that Plaintiff had not returned his phone calls or letters in over a year. (Doc. 12).

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  23rd  day of January, 2012.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Marcia Morales Howard
United States District Judge

Counsel of Record
Any Unrepresented Party